Gregory Peacock, Esq. (SBN. 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Dennis Gane

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GANE,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SANTA ANA; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Excessive / Unreasonable Force (U.S. Const. Amend. 4);<br>2. Municipal Liability (*Monell* Liability) For Failure To Train And/Or Discipline Deputies And Officers (U.S. Const. Amends. 4 & 14);<br>3. Municipal Liability (*Monell* Liability) For Custom / Practice / Policy (U.S. Const. Amends. 4 & 14);<br>4. Battery (California Law);<br>5. Violation Of Civil Code § 52.1;<br>6. Negligence<br><br>**JURY TRIAL DEMANDED** |

    **COMES NOW** Plaintiff Dennis Gane and shows this honorable court the following:

COMPLAINT FOR DAMAGES

1

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

## GENERAL ALLEGATIONS

4. Plaintiff Dennis Gane, hereinafter referred to as "GANE" or "Plaintiff GANE", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

5. Defendant City of Santa Ana, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

6. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriff's and / or police officers and/or investigators and/or Special

COMPLAINT FOR DAMAGES

2

Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Santa Ana Police Department, or some other law enforcement agency, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

7.      At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Santa Ana Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

8.      Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Santa Ana Police Department and/or defendant City of Santa Ana, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory

COMPLAINT FOR DAMAGES

3

liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Santa Ana Police Department for, *inter alia*,: 1) using excessive force upon persons, including policies related to the deployment of canines; and 2) covering up tortious conduct by Santa Ana Police Department peace officers.

    9.    At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Santa Ana Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

    10.    At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace

COMPLAINT FOR DAMAGES
4

officers, with the Santa Ana Police Department and/or otherwise with defendant CITY[1].

11. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

12. In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

13. Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

14. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth and Eighth Amendment Rights -
Excessive/Unreasonable Use of Force on Person
(Against DOES 1 through 6, inclusive)**

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14, inclusive, above, as if set forth in full herein.

16. On May 5, 2021, DOES 1 through 6, inclusive, attempted to pull over GANE who was driving his vehicle in Santa Ana, California.

17. GANE did not immediately pull over and got into a motor vehicle accident.

18. GANE's vehicle was damaged as a result of the accident and GANE suffered serious injuries.

19. Due to the damage of the vehicle and GANE's injuries, GANE was not able to move.

20. DOES 1 through 6, inclusive, approached GANE's vehicle and demanded that he exit the vehicle.

21. The vehicle was visibly damaged and GANE was visibly injured.

22. DOES 1 through 6, inclusive, ordered GANE to exit the vehicle.

23. GANE called out to DOES 1 through 6, inclusive, and told them that he can't move.

24. DOES 1 through 6, inclusive, continued to order GANE out of his vehicle and GANE continued to call out that he can't move.

25. The windows to GANE's vehicle were broken.

26. DOE 1 eventually placed a police canine through the driver side window and on to GANE's lap.

27. The canine viciously mauled GANE.

28. While the canine was mauling GANE, DOE 2 went to the passenger side window and tasered GANE.

29. GANE suffered serious injuries as a result of the actions of DOES 1 through 6, inclusive, including the loss of his ear, which the canine ripped off of his head.

30. DOE 1 eventually pulled the canine off of GANE.

31. GANE was then pulled out of the vehicle and arrested. GANE was first taken to the hospital for treatment to his injuries.

32. The actions of Defendants DOES 1 through 6, inclusive, as complained above herein, constituted a violation of GANE's rights under the Fourth Amendments to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

33. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, GANE was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and

expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $3,000,000.00.

34. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of GANE's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save CITY, in an amount to be proven at trial, in excess of $2,000,000.00.

**SECOND CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1983
FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR
FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
(Against Defendant CITY)**

35. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, above, as if set forth in full herein.

36. As complained of herein above, the acts of Defendants DOES 1 through 6, deprived plaintiff of his rights under the laws of the United States and The United States Constitution.

37. The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff, including training on

when they are permitted to use force against persons, including when they are permitted to deploy a canine against persons and taser persons.

38. CITY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

39. The failure of CITY to provide adequate training caused the deprivation of plaintiff's rights by Defendants DOES 1 through 6, inclusive.

40. CITY's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

41. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

### THIRD CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom
### (Against Defendant CITY)

42. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41 inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

9

43. As shown above, the actions of Defendants DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

44. At all times complained of herein, Defendants DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Santa Ana Police Department / Defendant CITY:  1) for using excessive force upon persons, including unlawfully deploying canines and tasing persons; and 2) for covering-up unlawful and tortious conduct by Santa Ana Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

45. Said actions of said defendants were done by them under the color of state law.

46. As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants CITY, above-described, said defendants committed said actions complained of above.

47. As a direct and proximate result of the actions of Defendants CITY, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages,

and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00.

## FOURTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(Against All Defendants)**

48. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 47, inclusive, above, as if set forth in full herein.

49. The actions committed by Defendants DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, use of unlawful force and violence upon Plaintiff, and, therefore, constituted a battery of him by said above-referenced defendant officers under California state law.

50. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, Plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

51. The actions by said defendants were committed maliciously and

oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial in excess of $2,000,000.00.

52. Said Defendants DOES 1 through 6, inclusive, are liable to Plaintiff for said battery on him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common law.

### FIFTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against All Defendants)**

53. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

54. The actions of Defendants DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

55. Defendants DOES 1 through 6, inclusive, are liable to plaintiff for said violations of his constitutional rights, pursuant to California Civil Code §§ 43, 52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

56. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $3,000,000.00.

57. The actions of Defendants DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $2,000,000.00.

58. In addition, as a result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages and attorney fees against all defendants, and each of them.

### SIXTH CAUSE OF ACTION
**Negligence**
**Under California State Law**
**(Against all Defendants)**

59. Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60.  The actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein, including the negligent pre-force tactics, as described above, also constituted a breach of defendants' duty to use due care toward Plaintiff.

61.  As a direct and proximate result of the actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)  For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b)  For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $2,000,000.00;

c)  Treble damages;

d)  For an award of reasonable attorney's fees and costs;

e)  For a trial by jury; and

f)  For such other and further relief as this honorable court deems just and equitable.


___    */s/ Gregory Peacock*_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES
14